THE CHICAGO & WEST MICHIGAN RAILWAY COMPANY v. FRED J. RUSSELL, CIRCUIT JUDGE OF THE COUNTY OF MUSKEGON.

### COSTS—WITNESS FEES.

Relator applied for *mandamus* to compel the respondent to vacate an order denying the motion of relator for retaxation of plaintiff's costs in the case of *Silas Osborn v. Relator*, lately pending in respondent's court, and for such other order as justice might require. An order to show cause was denied March 12, 1895.

*Smith, Nims, Hoyt & Erwin,* for relator.

The facts as established by the petition for *mandamus* were:

a—That in November, 1895, one Silas Osborn commenced a suit by declaration in the circuit court for the county of Muskegon against relator to recover damages alleged to have been sustained by relator by reason of three certain fires claimed to have originated through the negligence of relator in the operation of its railroad in the county of Muskegon.

b—That said declaration contained three counts; that in the first count the fire which caused the damage complained of was averred to have occurred on, to wit, July 8, 1895, in the second count to have occurred on, to wit, July 13, 1895, and in the third count to have occurred on, to wit, July 16, 1895.

c—That on the trial of the case, after several witnesses had been examined as to the origin of said three fires and the damages alleged to have been caused thereby, under objection of relator's attorneys to the first and second counts of the declaration, the plaintiff's attorney, (Arthur Jones) announced that he was willing to have the testimony already given under those counts stricken out; that he would introduce no more testimony under said counts as to the fires of July 8 and 13, 1895, nor ask for a verdict for damages occasioned thereby, but would ask for a verdict for damages occasioned by the fire of July 16, 1895, only.

d—That under the charge of the court the case was submitted to the jury upon the theory of the right of the plaintiff to recover damages on account of the fire alleged to have occurred on July 16, 1895; that the jury, under said charge, rendered a verdict in favor of the plaintiff for $200 damages, and judgment was entered thereon for said sum, with costs to be taxed.

e—That since said trial plaintiff has commenced another suit to recover damages claimed to have been sustained by him by reason of said fires of July 8 and 13, 1895.

f—That among the items of costs contained in plaintiff's bill of costs offered for taxation was one of $6.70 for 6 days attendance and 7 miles travel of a witness who, as shown by the affidavit of the plaintiff, attended for the time specified for the purpose of giving testimony as to the origin of the fire of July 8, 1895; that it further appeared from said affidavit that the attendance of said witness was deemed material and necessary under the state of the pleadings at the time of entering upon the trial of the case; that when the relator objected to evidence under the first count of the declaration the testimony of said witness was no longer required, and for that reason she was not called as a witness.

g—That said item of costs was taxed against the objection of relator's attorneys; that it appeared, as shown by plaintiff's affidavit, that said witness attended said trial for the sole purpose of giving testimony as to the origin of the fire of July 8, 1895, and that plaintiff did not ask to recover, nor was allowed to recover, for damages caused by said fire; that on appeal from the taxation of said item of costs, the respondent affirmed the action of the clerk in taxing the same.